IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOUTHERN CAN MAKING CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6685 |
| v. | ) | |
| | ) | Judge Moran |
| H.L. FISHER MFG. CO. INC. | ) | |
| | ) | Magistrate Judge Brown |
| Defendant. | ) | |

**MOTION FOR JUDGMENT BY DEFAULT**

NOW COMES Plaintiff, SOUTHERN CAN MAKING CO., LTD., by its attorney, David Feureisen, and pursuant to Rules 55(b) and 54(b) of the Federal Rules of Civil Procedure, moves this Court to grant a default judgment against defendant and in support thereof states as follows:

1. This is an action to recover damages owed by defendant to plaintiff for breach of an agreement duly entered by the parties.

2. Jurisdiction of the subject matter of this is based on diversity jurisdiction. This action was commenced on November 28, 2007 by the filing of the summons and complaint. A copy of the summons and complaint was served on the defendant on December 5, 2007 by personal service on H.L. Fisher's registered agent, James D. Jacobson and proof of service by the Process Server was filed. On information and belief, Mr. Jacobson is a member of the firm Griffith and Jacobson, LLP which is general counsel to H.L. Fisher. A copy of the return of service is attached as Exhibit "A".

3. The defendant has not answered the complaint and the time for the defendant to answer the complaint has expired.

1

4. Plaintiff seeks an immediate default judgment by the Clerk of the Court under FRCP Rules 55(b)(1) and 54(b) in connection with its claim for reimbursement of a deposit paid by Plaintiff to Defendant and for contractual delay damages. The attached Declaration by the president of plaintiff, Southern Can, more fully explains the damages sought.

5. In accordance with the terms of the agreement, Southern Can paid to defendant H.L. Fisher a 50% down payment in the amount of $678,135.00. Plaintiff demanded the reimbursement of this amount on February 9, 2007, but defendant failed to remit same.

6. Pursuant to the terms of the agreement, in case of delay of shipment, defendant is required to pay to Southern Can, a penalty in the amount of 2% per week of the total value of the contract, not to exceed 4 weeks or a total of 8% of the total value of the contract. This penalty amounts to $108,501.76, which reflects a maximum of a total of 8%.

7. This action seeks immediate judgment for the liquidated amount of $786,636.76 plus interest at 5% from March 9, 2007 to January 23, 2008, in the amount of $34,483.20, for a total amount of $821,119.96, which is justly due and owing, and no part of which has been paid except as therein set forth.

8. Plaintiff seeks pre-judgment interest pursuant to 815 ILCS 205/2 as defendant withheld money from plaintiff causing unreasonable and vexatious delay of payment. Notice was given to the debtor seeking such payment on February 9, 2007.

9. Plaintiff further seeks post-judgment interest, pursuant to 735 ILCS 5/2-1303 at a rate of 9% from the date of the judgment until satisfied, but interest shall be charged only on the unsatisfied portion of the judgment as it exists from time to time.

10. Plaintiff also seeks a hearing by affidavit to determine the additional damages owed by Defendant. Plaintiff's breach of contract claim seeks damages for (i) loss of

production time, (ii) loss of sales (iii) loss of future profits, and (iv) the additional cost incurred to purchase substitute machines. Such damages are not presently capable of precise calculation, but are believed to be in excess of $2,000,000.00.

11. It is imperative that plaintiff receive an immediate default judgment as to the deposit amount and the contractual delay damages because the Assignee, Howard Samuels, has noticed a sale of defendant's assets. If the Clerk grants a default judgment to plaintiff, plaintiff would obtain a status as a judgment creditor and its position would improve in the transfer of the assets to defendant's creditors in the near future.

12. The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the.


WHEREFORE, plaintiff, SOUTHERN CAN MAKING CO., LTD., prays as follows:

    a.    Entry of Default and the entry of the annexed Judgment against defendant in the amount of $821,119.96.

    b.    Post-judgment interest at a rate of 9%.

    c.    A hearing to prove up the remaining contract damages.

    d.    For such other and further relief as this court deems just.

Dated: White Plains, New York
       25th day of February, 2008

David Feureisen